Ms. Linda McGarity Oldner Arkansas Adult Probation Commission Tower Building, Suite 1210 Little Rock, Arkansas 72201
Dear Ms. Oldner:
This is in response to your request for an opinion on the following question:
 In that salaries of the majority of adult probation department officers/staff in the state are paid in part or totally by state aid through grant awards to the judicial circuits from the Arkansas Adult Probation Commission (AAPC) and/or through probation fees approved by the AAPC, are these individuals considered to be state or county employees? In addition to salaries being paid with state aid, benefits (match), supplies, travel, meals and lodging, etc., are awarded from the same.
You indicate in your correspondence that you are requesting clarification of Opinion Number 87-10 which addressed, in part, the question of who provides legal representation of adult probation officers. As noted in that Opinion, the Office of the Attorney General would normally represent all state employees and officials who are sued in their official capacities for acts committed in good faith in the scope and course of their employment with the state. While this is a matter that is ordinarily addressed on a case by case basis, I believe that this office would, generally, provide representation of adult probation department officers and staff.
While it is my opinion that these individuals would be considered state officers or employees for representation purposes, your general question regarding their status as "state" or "county" employees can only be addressed within a particular factual context. Neither the legislature nor the courts has offered any specific pronouncements in this regard. Thus, the purpose for which the question is asked becomes essential to our ability to offer a reasoned response.
The case of Venhaus v. State, ex rel., Lofton, 285 Ark. 23,684 S.W.2d 252 (1985) may, however, offer some guidance. In that case, the Arkansas Supreme Court ruled that the quorum court is without discretion to set the expenses of state courts, and that the quorum court could not, therefore, establish the amount of compensation of circuit court probation officers. The Court held, in essence, that these individuals are not county employees within the meaning of Amendment 55 to the Constitution of Arkansas. The Court reasoned that the quorum court's jurisdiction under Amendment 55 only extends to "local matters," and that the circuit court and its employees are not a local matter. Ark. at 25.
Although the Court in Venhaus v. State did not definitively state that probation officers are state employees, it may be significant to note that at least for purposes of establishing salary amount, these persons were not considered to be a "local matter" within the purview of the quorum court.
While your general question as posed cannot be conclusively answered, we hope that the foregoing offers some guidance in this regard. A definitive answer to your question can only result upon a court's decision which provides precedent or legislative action.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General